### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLINTON A. HILL,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )    CIVIL NO. 09-894-GPM |
| | ) |
| **PFIZER CORP.,** | ) |
| | ) |
|       **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at Western Illinois Correctional Center, filed this action against Pfizer Corporation for side effects allegedly associated with his use of the prescription drug Geodon. He seeks leave to proceed *in forma pauperis* (Doc. 2).

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action without prepaying the filing fee if two conditions are met: (1) the petitioner is indigent and (2) the action is neither frivolous nor malicious. *See, e.g., Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1981); *Free v. United States*, 879 F.2d 1535 (7th Cir. 1989). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that -
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added).  This provision, which currently is part of the Prison Litigation Reform Act (PLRA), applies to cases brought by prisoners and to cases brought by all indigent litigants.  *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

Plaintiff is not complaining about the conditions of his confinement.  Rather, as succinctly stated in his prayer for relief, he "would like the court to hold the company Pfizer accountable for compensation for pain and suffering and medical expenses due to the use of their drug" (Doc. 1).  He claims:

> In May 2005 I was placed on Geodon a prescription drug.  Since being on the drug I have experience[d] adverse side effects.  Some effects are lessening now I am off the drug.  Others won't seem to go away.  The drug is an antipsychotic drug prescribed to treat symptoms of schizophrenia and bipolar disorder.  I have experience[d] drowsiness, nausea, vomiting, weakness, dizziness, headache, indigestion and heart burn, muscle movements without my doing and vision problems.  The most serious effects are pains in the heart area and trouble breathing.  The muscle rigidity, shaking, brown or dark orange urine and sweating does not seem to be leaving me.  I now always squinch my face and pucker my lips for no reason.  I blink a lot and my arm and leg may move and jump without my doing.  I have put in to Medical with complaints of side effects and diabetic symptoms.  The psych doctor took me off Geodon in May 2009 and has added benedryl to my meds to help with the side effects.  I think I may have more serious conditions related to the use of Geodon, but I cannot get the proper medical evaluations.  In later years I feel it will be costly and detrimental to my health.

(Doc. 1.)  Plaintiff has not alleged, however, any basis for this Court's jurisdiction.  Plaintiff's complaint contains no allegations that Pfizer Corporation is a state actor or that Plaintiff's claim is based upon federal law.  There are no allegations of Plaintiff's or Defendant's states of citizenship.  But even if diversity of citizenship could be shown, it is unclear whether the amount in controversy requirement is satisfied – specifically, whether Plaintiff's claim is worth more than $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332(a).

"It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007); *accord Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). Federal Rule of Civil Procedure 8(a)(1) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction …." A pleading that fails to contain a basis for subject matter jurisdiction fails to state a claim for relief under Rule 8 and, consequently, cannot proceed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has been in custody since April 25, 2005, and his projected parole date is in April 2025.[1] While the PLRA's screening provision is inapplicable because Plaintiff does not seek "redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A, the definition of "prisoner" set forth in § 1915(h) applies to Plaintiff. Section 1915(a)(2) requires that a prisoner submit, in addition to an affidavit of poverty, a certified copy of his prison trust fund account statement for the 6-month period immediately preceding the filing of the complaint, "obtained from the appropriate official of each prison at which the prisoner is or was confined." In this case, Plaintiff has failed to comply with these requirements.

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**, and the action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to Plaintiff refiling the claim in a new action by filing (1) a complaint asserting a proper basis for the Court's jurisdiction as required under Rule 8(a) and (2) a properly supported motion for leave to

---

[1] The Court takes judicial notice of the information contained on the Illinois Department of Corrections website, http://www.idoc.state.il.us/subsections/search/inms.asp (last visited 2/10/2010).

proceed *in forma pauperis* as required under §1915(a)(2). The federal courts are courts of limited jurisdiction, and it certainly is possible that Plaintiff's claim does not belong in federal court. Thus, Plaintiff is advised that this dismissal also is without prejudice to Plaintiff refiling his claim in an appropriate state court.

**IT IS SO ORDERED.**

DATED: 02/18/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
